# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| JAMAL J. MUMTAZALI, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | File No. |
| | : | |
| vs. | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |
| KS & MAC, INC., a Georgia | : | |
| Corporation, and KYUNG RAN | : | |
| SHON, individually, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## COMPLAINT

Plaintiff **JAMAL J. MUMTAZALI**, through his counsel, **STEPHEN M. KATZ**, **THE KATZ LAW GROUP LLC**, for his Complaint, respectfully alleges as follows:

## NATURE OF THIS ACTION

1.

This is an action brought under The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* to recover unpaid overtime compensation, double damages, and attorney's fees and compensatory damages for retaliation.

1

PARTIES

2.

JAMAL J. MUMTAZALI, the Plaintiff in this action, is an individual who lives in the Northern District of Georgia.

3.

KS & MAC, INC. is a Georgia corporation with its principal office and place of business at 3830 Princeton Lakes Court, Atlanta, Georgia 30331. KS & MAC, INC. can be served by delivering a copy of the summons and complaint to its registered agent, KYUNG RAN SHON , 3830 Princeton Lakes Court, Atlanta, Georgia 30331.

4.

Defendant KYUNG RAN SHON is an individual who lives in the Northern District of Georgia.  She can be served by delivering a copy of the summons and complaint to her at 3830 Princeton Lakes Court, Atlanta, Georgia 30331 or 1225 Rosette Way, Marietta, Georgia 30062. KS & MAC, Inc. and Shon shall be collectively referred to as Defendants in this Complaint.

5.

Defendants maintain, and, at all times relevant hereto, maintained offices in the State of Georgia, and transacts and has transacted regular, not isolated, acts of business in metropolitan Atlanta, Georgia as well as nationally and internationally.

2

6.

Defendants individually and collectively are engaged in commerce as defined under the FLSA at 29 U.S.C. § 203(b).

7.

Defendants, individually and collectively, are an "enterprise engaged in commerce or in the production of goods or services for commerce" pursuant to the FLSA, 29 U.S.C. § 201 *et. seq.*

8.

At all relevant times, individually and collectively, Defendants have been and remain, an Employer within the meaning of §3(d) of the FLSA, 29 U.S.C. § 203(d), in that they acted ". . .directly or indirectly in the interest of an employer in relation to an employee. . ."

9.

As an employer engaged in commerce, Defendants are subject to the requirements of the FLSA, 29 U.S.C. § 201 *et. seq.*

**JURISDICTION**

10.

Jurisdiction over this action is conferred on this Court by Section 216(b) of the FLSA, 29 U.S.C. § 216(b) as well as 28 U.S.C. § 1331.  Supplemental jurisdiction over the state law claim is appropriate under 28 U.S.C. § 1367 in that all claims are derived from a common nucleus of operative fact.

## VENUE

### 11.

Venue is proper in the Northern District of Georgia in that all of the acts complained of took place in this judicial district.

## FACTS

### 12.

Plaintiff was employed by Defendants, who operated a Dry Cleaners, as a Front Desk Clerk and Laborer within the preceding three years.

### 13.

Plaintiff's job duties while employed by Defendants consisted of labor, cleaning, and customer service work, i.e. helping customers with their laundry and dry cleaning. .

### 14.

Plaintiff did not have discretionary authority in his position.

### 15.

While employed by Defendants, Plaintiff consistently worked over 40 hours per week.

### 16.

In fact, Defendants compelled Plaintiff to work not less than 70 hours per week. Defendants paid Plaintiff less than the required minimum wage of $7.25 per hour.

17.

Defendant never paid Plaintiff the minimum wage nor did Defendants pay Plaintiff with overtime compensation for hours worked in excess of 40 in a workweek.

18.

Plaintiff worked not less than an average of 70 hours per week for the preceding five years.

CLAIMS FOR RELIEF

VIOLATION OF 29 U.S.C. § 216(b)

19.

Plaintiff repeats and re-alleges each and every paragraph set forth in paragraphs 1 to 18 as if fully set forth at length herein.

20.

Defendants repeatedly and willfully violated the provisions of § 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees, including Plaintiff, engaged in commerce or in the production of goods for commerce, for work weeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

21.

Plaintiff, was regularly compelled to work more than 40 hours per week but was not at any time paid overtime compensation as required under the FLSA.

### 22.

Plaintiff was not an "exempt" employee under the FLSA; thus, Defendants were required to pay him overtime compensation for all hours worked each week in excess of 40.

### 23.

Defendants' violations of the overtime pay requirements set forth in the FLSA were systematic, voluntary and willful.

### 24.

Defendant owes the  Plaintiff overtime pay for work performed but not compensated in an amount to be determined in this action, plus liquidated damages in an equal amount pursuant to 29 U.S.C. § 216(b).

## COUNT II

## BURDEN OF PROOF

### 25.

Plaintiff incorporates the allegations contained in paragraphs 1 through 24of this complaint as though the same were fully set forth at length herein.

### 26.

Within the preceding two years, Defendants, joint employers subject to the provisions of the FLSA, repeatedly violated the provisions of §§ 11(c) and

15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5) and the Department of Labor regulations at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours, and other conditions and practices of employment maintained by them.

27.

Plaintiff is entitled to relief shifting the burden of proof to Defendants with regard to the amount of overtime worked due to the violation of §§ 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5) and the Department of Labor regulations at 29 C.F.R. § 516.

## COUNT III

### RETALIATION

28.

Plaintiff incorporates the allegations contained in paragraphs 1 through 27 of this complaint as though the same were fully set forth at length herein.

29.

Plaintiff filed a complaint with the United States Department of Labor alleging that Defendants failed to pay him the minimum wage and overtime compensation.

30.

By filing a complaint with the United States Department of Labor, Plaintiff engaged in statutorily protected activity

31.

After the Defendants learned of the investigation from a DOL investigator, they harassed and intimidated Plaintiff, who is a 70 year old diabetic and cancer survivor.

32.

Defendants' harassment of Plaintiff was so cruel and intolerable that any reasonable person in Plaintiff's position would have been compelled to resign his position.

33.

Defendant's constructive discharge of Plaintiff constitutes an "adverse employment action" under 29 U.S.C. § 215(a).

34.

The adverse employment action is a direct result of Plaintiff's statutorily protected expression because Defendants repeatedly referred to Plaintiff's DOL complaint while harassing the Plaintiff.

35.

As a direct and proximate result of Defendants' unlawful retaliation, Plaintiff has suffered emotional and financial harm for which he is entitled to recover.

36.

The conduct engaged in by Defendants was intentional, humiliating, and showed willful misconduct, malice, wantonness, oppression and that entire want

8

of care, which would raise the presumption that the Defendants specifically intended to harm Plaintiff. Plaintiff is therefore entitled to an award of punitive damages against the Defendants jointly and severally under 29 U.S.C. §§ 215(a)(3) and 216(b) in order to punish this Defendant and deter it from repeating such wrongful acts. (Plaintiff includes the punitive damages claim in this action solely to preserve the issue for review *en banc* by the Eleventh Circuit or by the United States Supreme Court).

WHEREFORE, Plaintiff demands relief as follows:

1. That process issue and that Defendants be served according to law;

2. An Order finding that Defendants violated Sections 215(a)(2) and 216(b) of the Act;

3. Judgment in favor of Plaintiff against Defendants, jointly and severally, for unpaid overtime compensation together with double damages;

4. Pursuant to § 216(b) of the Act, judgment in favor of Plaintiff against Defendants, jointly and severally, for reasonable attorney's fees;

5. Judgment in favor of Plaintiff and against the Defendants, jointly and severally, for prejudgment interest;

6. As to Count III, judgment in favor of Plaintiff against the Defendants, jointly and severally, for back pay, compensatory and punitive damages, and all taxable and non-taxable costs;

7. Pursuant to the Seventh Amendment to the United States Constitution and Rule 38, F.R.Civ.P., TRIAL BY JURY on all claims on which a jury trial is

available;

      8.  Such other, further and different relief as this Court deems appropriate.


**DATE**: 18 April 2014.                  By: STEPHEN M. KATZ

                                                    Ga Bar No. 409065



THE **KATZ LAW GROUP** LLC
4799 Olde Towne Parkway
Marietta, Georgia 30068-4350
Telephone:    770.988.8181
Fax:           770.988.8182
EMail:  smkatz@smk-law.com

10